Docket No. 103420.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
CLARENCE DELTON, Appellant.

*Opinion filed January 25, 2008.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Fitzgerald, Kilbride, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

After a bench trial in the circuit court of Cook County, petitioner,
Clarence Delton, was convicted of two counts of aggravated battery
to a police officer (720 ILCS 5/12–4(b)(6) (West 2000)) and received
two concurrent 10-year prison sentences. The appellate court affirmed
Delton's conviction and sentence. *People v. Delton*, No. 1–02–1835
(2003) (unpublished order under Supreme Court Rule 23). Delton
thereafter filed a *pro se* petition under the Post-Conviction Hearing
Act. See 725 ILCS 5/122–1 (West 2004). The circuit court summarily
dismissed the petition, and the appellate court affirmed. No.
1–04–3729 (unpublished order under Supreme Court Rule 23). We
granted Delton's petition for leave to appeal (210 Ill. 2d R. 315(a))
and now affirm the judgment of the appellate court.

## Background

Delton's convictions stemmed from a traffic stop, which occurred around 4 a.m. on October 20, 2001. At trial, Chicago Police Officers Heubaum and Miller testified that they observed a Cadillac, driven by Delton, drive through a stop sign at the intersection of Princeton Street and China Place. The officers attempted to pull the car over, but Delton drove for another quarter of a block before stopping in a parking lot. Delton emerged from the car, shouting angrily that he was tired of the police harassing him. Although both officers instructed Delton to return to his car, Delton began to approach them. As he did so, he swung a silver chain with keys attached to the end in menacing fashion.

The officers yelled to Delton to drop the chain and return to his car. Delton, however, continued to approach them. When Delton was within arm's reach of Officer Heubaum, Heubaum reached forward and grabbed his arm. Heubaum was able to rip the chain from Delton's grasp and throw it to the ground. Heubaum explained to Delton that the officers had pulled him over because he had failed to stop at the stop sign. Heubaum asked that Delton produce his driver's licence and insurance card. Delton replied that he had stopped at "that fucking sign and *** didn't have that shit" with him. Heubaum characterized Delton's demeanor as angry, loud, and profane.

Heubaum told Delton that he was being placed under arrest for driving without a driver's license and proof of insurance. When Heubaum began to instruct Delton to place his hands behind his back, Delton started to punch and kick both him and his partner. Heubaum was hit in the right elbow and the left shin. The scuffle continued for several minutes, and the officers eventually placed Delton under arrest with the help of additional officers who came to the scene. Once Delton was under control, Heubaum informed him of his rights. At that time, Heubaum noticed the smell of alcohol on Delton's breath. He also observed that Delton spoke with slurred speech and had bloodshot eyes. Heubaum had never seen Delton before that night.

Officer Miller's testimony corroborated that of his partner's in most material respects. Miller stated that several of Delton's punches hit him on the underneath of his lip and on the right side of his face, above the cheek. He was also kicked in the right leg. Photographs of Miller were introduced into evidence during Miller's testimony. The

photographs, which were taken after Delton had been brought to the station, showed Miller with a cut beneath his lower lip and with a red welt on his right cheek.

Delton's wife, Carrie, testified that she was with her husband at the time of the incident. Delton tried to stop at the stop sign, but went partly past it. A police car was at the corner and stopped them. Delton pulled his car into the parking lot of the couple's apartment complex. According to Carrie, Delton got out of his car and told police that he was tired of them harassing him all the time. Carrie stated that Delton was tired of the police "bothering him, the same policemen that he had made a complaint about." Carrie said that the officers were the initial aggressors and that Delton never hit either officer.

The trial judge found Delton not guilty of driving while under the influence of alcohol and guilty of two counts of aggravated battery to a police officer. Based on Delton's extensive criminal history, the court found him eligible for extended-term sentences. Delton received two concurrent 10-year terms.

Delton's *pro se* postconviction petition alleged, *inter alia*, that his trial counsel was ineffective because he failed to investigate Delton's claims involving long-term harassment by Heubaum and Miller. Delton alleged that, prior to trial, he and Carrie spoke to his attorney, with both "expressing how the complaining officers were the aggressors and that patterns of harassment had been initiated over the past by the very same officers." Delton further alleged that his trial counsel's failure "to request within discovery any records of Officer Heubaum and Miller regarding Office of Professional Standards files, and/or possible Disciplinary files of said Officers, prevented [him] from presenting a possible defense of self-defense, and from corroborating his story of harassment." Delton also alleged that because the incident took place at 4 a.m. in the parking lot of a condominium complex, "someone living within ear shot surely could have been awakened by all the commotion and either looked outside their window to see what went on or, overhead the conversations of the incident." In that respect, Delton claimed that his trial counsel's "failure to investigate all possible witnesses to the incident" violated his right to receive effective assistance of counsel. Attached to the petition were excerpts from the trial transcript. Delton also attached

a four-line affidavit[1] in which he swore that the "contents" of the petitions "are true and correct to the best of his knowledge."

The circuit court summarily dismissed the petition in a written order. With respect to the allegations regarding counsel's purported ineffectiveness, the circuit court found that Delton did not make the requisite factual showing in his petition. Specifically, Delton claimed that counsel should have contacted residents of the apartment complex where the incident occurred as potential witnesses. Delton, however, did not identify any witnesses, nor did he submit any affidavits from the potential witnesses indicating what their testimony would be. Further the court found that Delton's petition was "devoid of any facts supporting his contentions" regarding his complaints about the police.

In affirming the circuit court's judgment, the appellate court agreed that Delton failed to provide the required factual support for his claims and upheld the circuit court's summary dismissal on that basis. No. 1–04–3729 (unpublished order under Supreme Court Rule 23). The appellate court then went on to note that even assuming that Delton had provided adequate support for his allegations, his petition failed to demonstrate that he was prejudiced under the test formulated in *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). No. 1–04–3729 (unpublished order under Supreme Court Rule 23).


Analysis

The Post-Conviction Hearing Act provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under either the federal or the state constitution. See 725 ILCS 5/122–1 *et seq.* (West 2004). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. 725 ILCS 5/122–1(b) (West 2004). Section 122–2 of the Act requires that the petition must, among other things, "clearly set

---

[1] This affidavit is the verification affidavit required under section 122–1(b) of the Post-Conviction Hearing Act. 725 ILCS 5/122–1(b) (West 2004).

forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122–2 (West 2004). Moreover, the Act requires that the petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122–2 (West 2004). Section 122–2.1 directs, in noncapital cases, that "[i]f the [circuit] court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order ***. *** If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122–4 through 122–6." 725 ILCS 5/122–2.1(a)(2), (b) (West 2004).

This court has stated that a petitioner, under section 122–2.1, must "set forth the specific manner in which his rights were violated." *People v. Porter*, 122 Ill. 2d 64, 74 (1988). A postconviction petition is considered frivolous or patently without merit if the petition's allegations, taken as true, fail to present the "gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Owing to the fact that most petitions are drafted at this stage by petitioners with little legal knowledge or training, this court has viewed the threshold at this stage of the proceedings to be low. *Gaultney*, 174 Ill. 2d at 418. Thus, a petitioner "need only present a limited amount of detail" in the petition (*Gaultney*, 174 Ill. 2d at 418) and need not make legal arguments or cite to legal authority (*Porter*, 122 Ill. 2d at 74).

However a "limited amount of detail" does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation. Such a position would contravene the language of the Act that requires some factual documentation which supports the allegations to be attached to the petition or the absence of such documentation to be explained. 725 ILCS 5/122–2 (West 2004). This court has held that the purpose of section 122–2 is to establish that a petition's allegations are capable of "objective or independent corroboration." *People v. Hall*, 217 Ill. 2d 324, 333 (2005), citing *People v. Collins*, 202 Ill. 2d 59, 67 (2002). We have also held that the affidavits and exhibits which accompany a petition must identify with reasonable certainty the sources, character, and availability of the alleged evidence supporting the petition's allegations. *People v. Johnson*, 154 Ill. 2d 227 (1993). Thus, while a *pro se* petition is not expected to set forth a complete

-5-

and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent. As a result, the failure to either attach the necessary " 'affidavits, records, or other evidence' or explain their absence is 'fatal' to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal." *Collins*, 202 Ill. 2d at 66, citing *People v. Coleman*, 183 Ill. 2d 366, 380 (1998), quoting *People v. Jennings*, 411 Ill. 21, 26 (1952). Our review of the dismissal of a postconviction petition is *de novo*. *Coleman*, 183 Ill. 2d at 389.

The circuit court believed that Delton's claim was waived because it covered matters which could have been raised on direct appeal. The court, however, proceeded to note that even if the matter was not subject to waiver, the petition failed to satisfy the supporting evidence requirements of section 122–2. The appellate court concluded that waiver was not a bar to the claims but agreed that Delton failed to support his allegations with the requisite affidavits or other documents as required under section 122–2. The appellate court then noted, in *dicta*, that even if Delton had satisfied section 122–2, his petition failed to state the gist of constitutional claim. No. 1–04–3729 (unpublished order under Supreme Court Rule 23).

Thus, the case presents two questions: (i) Did Delton properly support his petition under section 122–2? And if so (ii) did his petition set forth the gist of a constitutional claim so as to survive the first-stage postconviction scrutiny? If this court answers the first question in the negative, it need not reach the second.

Delton argues his allegations regarding police harassment are supported by the excerpts from the trial transcript that he attached to his petition. Delton attached a copy of a portion of his wife's cross-examination testimony in which she stated that when Delton exited his car "he was saying he was tired of them harassing him, bothering him, the same policemen that he had made a complaint about." Delton also attached a portion of his trial counsel's closing argument in which the following exchange occurred:

> "[Defense Counsel]: The Court has heard two types of testimony, one from the State's witnesses who were saying that Mr. Delton approached them. Carrie Delton tells you on

the stand she didn't recall him approaching them. He was loud and angry.

THE COURT: He was what?

[Defense Counsel]: Loud and angry because he at that point felt like he was being harassed by the police. That's the testimony from Miss Delton.

THE COURT: He was being harassed for not stopping? You think he had sufficient grounds to be angry with the police?

[Defense Counsel]: Apparently it stressed him from having a familiarity with those police on prior occasions. I believe that's what he was getting at when he said why do you people keep harassing me. He was angry at that point. The only question is did he hit any of those officers."

Delton also maintains that these transcript excerpts, coupled with the details in his petition concerning his consultations with his attorney regarding police harassment, satisfy section 122–2.

In our view, the transcript excerpts do not provide the requisite factual support for Delton's postconviction allegations that his counsel did not investigate instances of prior police harassment. There is nothing in the transcripts that support Delton's claim that he had told his attorney prior to trial that he had filed a complaint against the same two officers. The excerpt from Carrie's testimony was taken from her cross-examination by the assistant State's Attorney and was the first mention at trial of a complaint against the officers by defendant. By itself, it does nothing to support an inference that defense counsel had been told about the complaint. Defendant suggests that defense counsel's reference to Delton's "familiarity with those police on prior occasions" during his closing argument reveals that he did know about Delton's previous complaint and only belatedly tried to bring it up. Given that Carrie had just earlier told the assistant State's Attorney that Delton had made a complaint against the same officers, the excerpt cannot be used to show defense counsel's knowledge about the incident came from Delton prior to trial. These excerpts, standing alone, do not support Delton's allegation in the petition that both he and Carrie spoke to his attorney and told him about the complaining officers' pattern of harassment against him. Delton's petition does not

contain an affidavit from Carrie attesting to the date and nature of the conversation she purportedly had with trial counsel, and Delton's petition itself lacks any specifics regarding the conversation. Delton included no explanation for the absence of such documentation in his petition, and we can think of no reason why obtaining an affidavit from his wife would be difficult. Accordingly, the excerpts from the trial transcript, coupled with the petition's allegations, do not satisfy section 122–2's additional-documentation requirements.

Delton next maintains that his petition contains facts from which the court could easily have inferred the explanation as to why additional evidence was not provided. See *People v. Hall*, 217 Ill. 2d 324, 333 (2005) (noting that section 122–2 noncompliance can be excused when absence of additional documentation can easily be inferred from the allegations of the complaint and the petitioner's affidavit). Delton suggests that it is unreasonable for a *pro se* petitioner to expect to receive police disciplinary records without the assistance of counsel. While we acknowledge that obtaining information on police disciplinary proceedings requires a subpoena (*Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)), Delton, himself, allegedly made the complaint against the officers in question. Delton therefore did not have to rely on the Chicago police department's answer to a subpoena for documentary support. Because Delton filed the charges, he could easily have supported his petition with a copy of the complaint he filed against Heubaum and Miller or with the specifics about the filing of that complaint if, in fact, he had filed one. Given that such information is within Delton's personal knowledge, it is neither unreasonable nor unjust to expect his petition to contain supporting documentation of this caliber.

In his petition, Delton also alleged that counsel was ineffective for failing to interview all possible witnesses to the incident. Specifically, Delton stated that someone "living within ear shot surely could have been awakened by all the commotion, and either looked outside their window to see what went on or overheard the conversations of the incident." However, Delton did not allege that someone actually saw or heard the incident, just that his attorney "failed" to investigate all possible witnesses. This amounts to nothing more than a broad conclusory allegation of ineffective assistance of counsel. Such

allegations are not allowed under the Act. *People v. Blair*, 215 Ill. 2d 427, 453 (2005), citing *People v. West*, 187 Ill. 2d 418 (1999).

Delton's petition does not contain the affidavits, records, or other evidence that support his allegations, as is required by section 122–2. Nor does the petition explain why those documents are absent, also required by section 122–2. For that reason, the circuit court's summary dismissal was proper. See *Collins*, 202 Ill. 2d at 62 (affirming summary stage dismissal on the basis of noncompliance with section 122–2).

## Conclusion

The circuit court properly dismissed Delton's postconviction petition for failing to attach the required supporting affidavits and exhibits. The judgment of the appellate court is therefore affirmed.

*Affirmed.*