2020 IL App (1st) 171630-U

FIFTH DIVISION

Date Filed: November 25, 2020

No. 1-17-1630

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 12453 |
| | ) | |
| ERIC BROCKS, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**O R D E R**

¶ 1    *Held*:   We affirm the circuit court's first-stage summary dismissal of the defendant's *pro se* post-conviction petition where he failed to state the gist of a constitutional claim that the State committed a *Brady* violation.

¶ 2    The defendant, Eric Brocks, appeals from an order of the circuit court of Cook County denying his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). He contends that the circuit court erred in dismissing his petition

where he presented an arguable basis of a claim that the State failed to disclose exculpatory evidence in the form of a "street file" related to his case in violation of *Brady v. Maryland*, 373 U.S. 82 (1972).

¶ 3    The defendant was charged by indictment with, *inter alia*, multiple counts of attempted first degree murder, one count of aggravated arson, and two counts of arson. These charges arose from an event that occurred on November 25, 2000, in which the defendant and co-offender started a fire inside of a food and liquor store located at 1359 West Roosevelt in Chicago, Illinois, causing the deaths of two employees, Annie Reed and Katari Smith.

¶ 4    A full recitation of the facts can be found in this court's order on the defendant's direct appeal. *People v. Brocks*, 2016 IL App (1st) 140301-U. However, for the resolution of this appeal, we will present only the facts that are necessary.

¶ 5    The matter proceeded to a jury trial and the defendant was found guilty of two counts of felony murder for causing the deaths of the two victims while committing arson. The circuit court then sentenced him to a mandatory life sentence.

¶ 6    The defendant appealed, and on direct appeal, he argued, *inter alia*, that the evidence was insufficient to sustain his underlying conviction of arson and that "his mittimus order must be corrected to accurately reflect the jury's verdict finding him guilty of felony murder, rather than intentional murder." *Brocks*, 2016 IL App (1st) 140301-U, ¶ 2. This court affirmed the conviction and instructed the circuit court to correct the mittimus to reflect that the defendant was found guilty of felony murder, rather than intentional murder. *Id*. ¶ 40.

¶ 7    On April 28, 2017, the defendant filed a *pro se* postconviction petition, arguing, *inter alia*, that the State committed a *Brady* violation by failing to disclose evidence in the form of a "street file" related to his case. Specifically, the defendant maintained that H. Candace Gorman, an attorney who was not involved in his case, discovered a "Chicago police file related to [his] case." The defendant attached multiple exhibits to his petition, including a *Chicago Tribune* article detailing Gorman's discovery of numerous homicide "street files" as well as a letter from Gorman, which stated, in pertinent part:

> "I am writing because *** I found a Chicago police file related to your case. I would like to talk with your attorney if you have one so that I can share the information. *** I am sorry I cannot share the contents of the file with you at this time. The judge entered an order stating that I cannot share the documents with the defendant[,] but I can share the documents with the attorney."

¶ 8    On May 18, 2017, the circuit court dismissed the petition as frivolous and patently without merit. This appeal followed.

¶ 9    The defendant's sole argument on appeal is that the circuit court improperly dismissed his postconviction petition at the first stage when he presented an arguable basis of a claim that the State committed a *Brady* violation by failing to disclose exculpatory evidence during his original trial proceedings. We disagree.

¶ 10    Pursuant to the Act, a postconviction proceeding has three distinct stages. 725 ILCS 5/122-1 *et seq*. (West 2016); *People v. English*, 2013 IL 112890, ¶¶ 22-23. In the first stage, the defendant files a petition, and the trial court determines whether it is frivolous or patently without merit.

*People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). To survive dismissal at this stage, a petition must present only the "gist" of a constitutional claim. *Id.* (citin*g People v. Porter*, 122 Ill. 2d 64, 74 (1988)). The term "gist" describes what the petitioner must allege at the first stage; it is not the legal standard used by the court to evaluate the petition. *People v. Hodges*, 234 Ill. 2d 1, 11 (2009). The legal standard is whether the petition is frivolous or patently without merit, meaning it has no arguable basis in law or fact. *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* The allegations in a postconviction petition must be supported by affidavits, records, or other evidence to demonstrate that the petition's allegations are capable of " 'objective or independent corroboration.' " *People v. Delton*, 227 Ill. 2d 247, 254 (2008). Further, "the affidavits and exhibits which accompany a petition must identify with *reasonable certainty* the sources, character, and availability of the alleged evidence supporting the petition's allegations." (Emphasis added.) *Id.* Although the first stage presents a low threshold for survival, broad conclusory allegations are never enough to meet that low threshold. *Id.* at 258. We review the summary dismissal of a postconviction petition *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 11    Under *Brady*, the State violates a defendant's right to due process by failing to disclose evidence that is favorable to the accused and is material to either guilt or punishment. *People v. Beaman*, 229 Ill. 2d 56, 73 (2008). In order to succeed on a claim of a *Brady* violation, the defendant is required to demonstrate that: (i) the undisclosed evidence favors the accused because it is exculpatory or impeaching; (ii) the State willfully or inadvertently suppressed the evidence; and (iii) the accused was prejudiced because the evidence was material to guilt or punishment. *Id.*

at 73-74. Evidence is material where a reasonable probability exists that, had the evidence been disclosed, the outcome of the proceeding would have been different. *People v. Hobley*, 182 Ill. 2d 404, 433 (1998).

¶ 12   The defendant concedes that he never attached the street file nor its contents to the petition, neither was he able to provide "any suggestion" of what the street file may contain. Nevertheless, he asserts that he has stated an arguable claim that the State committed a *Brady* violation because he explained why he did not attach the street file to the petition and because the letter from Gorman, the *Chicago Tribune* article, and the history of Chicago police officers withholding information in street files all create a reasonable inference that the street file in this case contains exculpatory information. Again, we disagree.

¶ 13   Not only has the defendant failed to demonstrate the three elements necessary to establish that the State committed a *Brady* violation, he has also failed to state with any reasonable degree of certainty what the new evidence is apart from the mere possibly that something exculpatory *may* be contained within the street file. He presents an entirely speculative and conclusory argument about what he believes the file contains and how it "likely" consists of "undisclosed and possibly favorable material." Even under the low threshold of the first stage, this conclusory argument is insufficient to state an arguable claim of a *Brady* violation. See *Delton*, 227 Ill. 2d at 258. Accordingly, we find that that the circuit court did not err when it dismissed the defendant's petition at the first stage, and we affirm the judgment of the circuit court.

¶ 14   Affirmed.