NOTICE
Decision filed 08/04/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190398-U

NO. 5-19-0398

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 15-CF-172 |
| | ) | |
| RODOLFO ROSAS, | ) | Honorable |
| | ) | James W. Campanella, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's summary dismissal is affirmed where defendant's postconviction petition failed to state the gist of a constitutional claim, and the court dismissed the petition in compliance with postconviction procedures. Appointed appellate counsel is granted leave to withdraw.

¶ 2     Defendant, Rodolfo Rosas, pleaded guilty to the offense of aggravated battery of a correctional institution employee and was sentenced to 3½ years in prison. Over three years later, defendant filed a *pro se* petition for postconviction relief, which the circuit court summarily dismissed. Defendant appealed, and the circuit court appointed the Office of the State Appellate Defender (OSAD) to represent him. After concluding that defendant's appeal lacked substantial merit, OSAD filed a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) and a memorandum of law in support. Defendant replied in a handwritten letter that he

1

was unsure how to respond to OSAD's motion. Based on a review of the record, we grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.

¶ 3                                    I. Background

¶ 4      In a 2001, defendant pleaded guilty to first degree murder, and the circuit court sentenced him to 25 years' imprisonment. In December 2015, defendant was charged with aggravated battery (see 720 ILCS 5/12-3.05(d)(4) (West 2014)), a Class 2 felony (*id.* § 12-3.05(h)), while incarcerated at the Pinckneyville Correctional Center after he struck Kale Lively, a correctional lieutenant, in March 2014.

¶ 5      On February 16, 2016, the State, with defendant present and represented by counsel, announced a plea agreement to which defendant would plead guilty to aggravated battery and receive a 3½-year prison sentence followed by two years' mandatory supervised release (MSR). The State indicated that defendant's sentence would run consecutively to his prior 25-year prison sentence for first degree murder. Defendant, in response to queries from the court, stated that he was neither under the influence of any drugs nor pleading guilty due to any force, coercion, or promises outside the plea agreement.

¶ 6      The court thoroughly admonished defendant as to the nature of the charge, the possible penalties, the terms of the plea agreement, and the fact that the new sentence would begin after he had served 100% of his 25-year sentence. Defendant indicated that he understood. The court further admonished defendant of his right to a trial, whether by a jury or by a judge, his rights at trial, including the right to confront and cross-examine the State's witnesses and to remain silent, and the State's burden of proving his guilt beyond a reasonable doubt. Defendant indicated that he understood. Defendant pleaded guilty and signed a written plea of guilty.

The State then presented a factual basis for the plea, stating that on March 9, 2014, "an altercation" developed between several inmates and correctional officers at the Pinckneyville Correctional Center. At some point, defendant struck correctional lieutenant Kale Lively in the head or face, causing minor injuries. Following the State's factual basis, defendant indicated his desire to plead guilty, and the circuit court accepted the plea. In accordance with the parties' agreement, the court sentenced defendant to 3½ years in prison, with day-for-day credit, to run consecutively with his prior 25-year prison sentence for first degree murder followed by 2 years' MSR. The court advised defendant of his right to appeal and the requirement to file a motion to withdraw his guilty plea within 30 days. Defendant did not file a motion to withdraw his guilty plea or otherwise attempt an appeal from the judgment of conviction.

¶ 7      On August 16, 2019, defendant filed a *pro se* postconviction petition, arguing that the State "vindictively" charged him with aggravated battery, and he did not receive day-for-day credit on the first degree murder conviction. Defendant asked the circuit court "to vacate the criminal judgment" for aggravated battery, asserting that he would have been released from prison in September 2012 and the aggravated battery charge would not have occurred if he received the appropriate credit.

¶ 8      On August 27, 2019, the circuit court "denied [the petition] at the first stage." According to the court, it did not matter whether defendant was wrongly imprisoned at the time he committed aggravated battery upon the correctional officer. The court stated that "[s]uch argument is patently frivolous and without merit." Defendant filed a timely notice of appeal, and the circuit court appointed OSAD as appellate counsel.

3

¶ 9                                II. Analysis

¶ 10    Defendant appeals from the circuit court's order summarily dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), claiming he should have received day-for-day credit on his 25-year sentence for first degree murder. He argues that he would have been released from prison in September 2012 if he received such credit, thus, he would not have been charged with aggravated battery in March 2014. Defendant also argues that he was prosecuted "vindictively" on the aggravated battery charge. We are unpersuaded by his arguments.

¶ 11    The Act provides a method by which any person imprisoned in the penitentiary may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018); *People v. Smith*, 2015 IL 116572, ¶ 9. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. A postconviction proceeding begins when a criminal defendant files a postconviction petition in the circuit court. 725 ILCS 5/122-1(b) (West 2018). "The petition shall *** clearly set forth the respects in which [defendant's] constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.* § 122-2. The Act requires the circuit court to examine a defendant's postconviction petition, and enter an order thereon, within 90 days after the petition is filed and docketed. *Id.* § 122-2.1(a). A circuit court needs to determine within the 90-day timeframe whether it should summarily dismiss defendant's petition as frivolous or patently without merit (*id.* § 122-2.1(a)(2)) or order the petition to be docketed for further consideration (*id.* § 122-2.1(b)). The court must make that determination independently, without any additional input from the defendant, and without any input from the State. *People v. Edwards*,

4

197 Ill. 2d 239, 244 (2001). Appellate review of such an order is *de novo*. *People v. Allen*, 2015 IL 113135, ¶ 19.

¶ 12    A *pro se* postconviction petition may be dismissed as frivolous or patently without merit only if its allegations, taken as true and liberally construed, fail to state the gist of a constitutional claim. *Edwards*, 197 Ill. 2d at 244. In other words, the petition may be dismissed "only if [it] has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation," such as one which is completely contradicted by the record. *Id.* at 16. In order to meet the "gist" standard, a defendant " 'need only present a limited amount of detail' " in his petition, and he need not make legal arguments or cite to legal authority. *People v. Delton*, 227 Ill. 2d 247, 254 (2008) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). "However, a 'limited amount of detail' does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation." *Id.* The pleading requirements for a *pro se* petition certainly are low, but they are real, and they must be met if the petition is to avoid summary dismissal. See *Hodges*, 234 Ill. 2d at 9-10 ("[O]ur recognition of a low threshold at this stage does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional violation.").

¶ 13    Here, defendant failed to state the gist of a constitutional claim. First, even if defendant was in fact imprisoned past his proper release date, he can still be guilty of aggravated battery. Simply stated, the propriety of defendant's sentence is irrelevant to whether or not he committed aggravated battery while he was incarcerated. Moreover, defendant's claims are unsupported by any affidavits, records, or other evidence. Thus, this court cannot excuse his petition for failing to

provide any factual detail surrounding the alleged constitutional deprivation, where defendant failed to present even a limited amount of detail to support his constitutional claim.

¶ 14    Accordingly, the circuit court's order summary dismissal of defendant's postconviction petition as frivolous or patently without merit was proper, where defendant failed to state the gist of a constitutional claim, and the record supports that the court examined defendant's postconviction petition and entered an order within 90 days after the petition was filed and docketed (725 ILCS 5/122-2.1(a) (West 2018)).

¶ 15                                    III. Conclusion

¶ 16    Defendant failed to state the gist of a constitutional claim in his postconviction petition, and the circuit court summarily dismissed the petition in compliance with postconviction procedures. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 17    Motion granted; judgment affirmed.