NOTICE

Decision filed 04/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220146-U

NOS. 5-22-0146, 5-22-0147 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | Nos. 16-CF-358, 17-CF-368 |
| | ) | |
| RICKY CURTIS, | ) | Honorable |
| | ) | Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Where defendant's postconviction petition was not supported by affidavits and alleged no violation of his constitutional rights in the cases in which he was convicted, and the record showed no procedural errors, the circuit court properly dismissed the petition.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Ricky Curtis, appeals the circuit court's order summarily dismissing his postconviction petition.  His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in dismissing defendant's petition.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD has notified defendant of its motion, and this court has provided him with ample

1

opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     The State charged defendant, in case No. 16-CF-358, with the unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2016)), based on his alleged sale of about .4 grams of heroin to a confidential informant during a controlled purchase; and unlawful possession of a controlled substance (clonazepam) (*id.* § 402(c)), based on pills allegedly found on his person during a search incident to his arrest.

¶ 5     Almost exactly one year later, the State charged defendant, in case No. 17-CF-368, with unlawful delivery of less than five grams of methamphetamine (720 ILCS 646/55(a)(1), (a)(2)(A) (West 2016)), based on his alleged sale of that substance to a confidential informant during a controlled purchase. A warrant was issued for his arrest.

¶ 6     Defendant was arrested on October 24, 2017, after which he gave a statement to police. Defendant reportedly told the officers that he sold up to 35 grams of methamphetamine per week and once traded methamphetamine to Jordan Hays for a black revolver. Based in part on these admissions, he was charged, in case No. 17-CF-430, with being an armed habitual criminal, two counts of unlawful possession of a weapon by a felon, and unlawful possession of methamphetamine with the intent to deliver.

¶ 7     On September 28, 2018, defendant entered open guilty pleas to unlawful delivery of a controlled substance in No. 16-CF-358 and to unlawful delivery of methamphetamine in No. 17-CF-368. In exchange for the plea, the State would dismiss the remaining count in 16-CF-358 and

2

all four counts in No. 17-CF-430 and would not file any additional charges based on "any instances or reports then in its possession." Defendant would also be unsuccessfully discharged from probation in an earlier case.

¶ 8 The factual basis for the guilty pleas was that in September 2016, officers arranged a controlled purchase of heroin through a confidential informant. Officers observed defendant enter and exit the informant's vehicle. Officers retrieved from the vehicle a plastic bag containing .4 grams of a substance that a laboratory report revealed to be heroin. In 17-CF-368, authorities conducted a controlled purchase of methamphetamine from defendant. A confidential informant purchased an "eight ball" of methamphetamine for $250 from defendant. The circuit court accepted defendant's pleas as being knowing and voluntary and as supported by sufficient factual bases.

¶ 9 At sentencing, the State introduced in aggravation the testimony of defendant's probation officer that he repeatedly violated the terms of his probation. Officers testified about evidence supporting the dismissed count in 16-CF-358. In addition, Charleston Officer David Reed testified that he "distributed approximately nine to ten 8 balls of methamphetamine a week" and that he once traded a small amount of methamphetamine to Jordan Hays for in exchange for a "black revolver pistol."

¶ 10 The court sentenced defendant to 14 years in prison in No. 16-CF-358 and a mandatorily consecutive 18-year term in No. 17-CF-368. In explaining its sentencing decision, the court stated:

"I am concerned by the evidence that [defendant] traded methamphetamine for a gun, but I'll make it clear that I'm not placing substantial weight on that. I didn't hear a denial from [defendant] that he in fact did so. In fact, the testimony I heard was that [defendant]

3

acknowledged to the investigating officer that he had done so, but to be quite honest with you, that factor is not something that I'm weighing heavily."

¶ 11    The same day, defendant filed a "letter of appeal," which the circuit court treated as a motion to withdraw the plea and to reconsider the sentence. Defendant alleged that the sentences were excessive and that the State unfairly presented evidence of the dismissed charges in No. 17-CF-430 in aggravation at sentencing. Had the defendant known that the weapons charges would be used in that manner, he would not have agreed to plead guilty.

¶ 12    At a hearing on the motion, defendant testified that his counsel assured him that the charges in No. 17-CF-430 would not be used against him, and he would not have pleaded guilty had he known that they would be so used. The court denied the motion, stating as follows:

"So, I guess the only mistake I made was to say that I am not placing substantial weight on that. I guess it could be inferred that that means I am placing some weight on it. So, maybe that was a poor choice of words on my part, but I think it is clear, and it is my opinion that this sentence was based upon the significant past criminal history. ***

***

There is no question in my mind that this was a voluntary guilty plea after being correctly and appropriately admonished.

I guess if I had to do it over again, I would perhaps indicate that I am placing no weight on the firearms issue; but if I did consider it, it was negligible consideration on my part. It was the defendant's past criminal history that in my mind justified this sentence."

¶ 13    On direct appeal, the Fourth District rejected defendant's claim that postplea counsel was ineffective for not amending his *pro se* motion to state viable claims although some were available. The court found that counsel did present defendant's principal argument—that he was led to

4

believe that the dismissed charges would not be used against him in any way—through defendant's testimony. The court found that defendant simply failed to demonstrate a reasonable basis for his belief that the dismissed charges would not be used in aggravation at sentencing. *People v. Curtis*, 2021 IL App (4th) 190658, ¶¶ 28, 37. The court further noted that the circuit court explicitly stated that it placed little or no weight on the evidence that defendant traded methamphetamine for a firearm. *Id.* ¶¶ 40-41.

¶ 14 Defendant then filed a postconviction petition. Defendant alleged that Hays "would have testified at trial that there was no methamphetamine gun exchange," but that prosecutors dissuaded him from doing so by threatening him with prison time. Defendant further alleged that defense counsel "never investigated [the] criminal background" of the confidential informants.

¶ 15 Defendant attached to the petition his own affidavit averring that its allegations were true. He included no other affidavits, explaining that "the people live in All areas of Illinois and that the petitioner being detained in an Illinois Correctional Center makes it very difficult in obtaining affidavits," which would be "forthcoming."

¶ 16 The circuit court dismissed the petition as frivolous and patently without merit. Defendant filed a single notice of appeal in case Nos. 16-CF-358 and 17-CF-368. This court assigned the appeals separate numbers but consolidated them on defendant's motion.

¶ 17                                    ANALYSIS

¶ 18 OSAD contends that there is no reasonably meritorious argument that the circuit court erred in dismissing the petition. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). A petition must either be accompanied by "affidavits, records, or other

5

evidence supporting its allegations" or explain why such evidence is not attached. 725 ILCS 5/122-2 (West 2020).

¶ 19    We agree that there is no reasonably meritorious contention that the circuit court erred in dismissing the petition. Initially, we note that the petition's critical allegations are not supported by "affidavits, records, or other evidence." While defendant generally averred that his allegations were true, the key assertions—that prosecutors threatened Hays to dissuade him from testifying—are, if true, based on information that defendant must have gotten from Hays and to which only Hays could competently testify. And defendant's allegation that potential witnesses live all over the state does not explain his failure to attach an affidavit from Hays.

¶ 20    More fundamentally, though, defendant does not allege a violation of his constitutional rights in either of the cases before us. Hays's potential testimony related only to one of the weapons charges in No. 17-CF-430 that was dismissed per the plea agreement. Strictly speaking, defendant alleged that Hays would have testified "at trial," presumably meaning a trial on the merits of the weapons charges. However, as OSAD points out, the Act limits petitions to allegations of constitutional violations "in the proceedings which resulted in his or her conviction." 725 ILCS 5/122-1(a)(1) (West 2020). Thus, while contentions that the prosecution intimidated a potential defense witness—if properly supported—would certainly allege a violation of defendant's constitutional rights, that violation did not pertain to either of the cases in which defendant was convicted and which are the subject of this appeal.

¶ 21    We could perhaps read defendant's allegations more broadly to assert that Hays could have testified at the sentencing hearing to counter Reed's testimony about the gun. Although Reed said that defendant himself mentioned trading methamphetamine for a gun, testimony by Hays that no such transaction occurred would have cast doubt on that testimony. However, the circuit court

stated clearly in denying defendant's postplea motion that it gave that evidence no or negligible weight. Thus, defendant could not establish prejudice in any event.

¶ 22     Defendant's petition acknowledges this statement by the circuit court but, other than a general observation that "guns and weapons are a serious contribution to our crime activities in society," offers no reasoned argument that the circuit court's recounting of its own decision-making process was wrong. Objectively, the sentences were well within the appliable ranges for the offenses and, as the circuit court noted, were amply justified by defendant's extensive criminal past. Thus, defendant simply cannot show that the State's alleged actions to prevent Hays from testifying prejudiced defendant in either of the cases under review.

¶ 23     Defendant also alleged that defense counsel was ineffective for failing to investigate the informants' criminal backgrounds. We note that counsel sought in discovery a list of "criminal convictions of Defendant and State's witnesses" and that the State disclosed convictions for at least one of its potential witnesses. Thus, counsel was aware of the need to obtain this information and had taken preliminary steps to get it. Defendant's guilty plea made any further investigation unnecessary.

¶ 24     Defendant alleged that, due to this lack of investigation, someone—presumably counsel— "were force to get [defendant] to cooperate in exchange of drug activity." Whatever this means, we are aware of no requirement that defense counsel investigate potential impeachment at any time prior to the witness actually testifying. Thus, defendant cannot succeed on the circular argument that his plea was rendered involuntary due to counsel's failure to investigate further when defendant's plea—which the circuit and appellate courts found was voluntary—made further investigation unnecessary.

7

¶ 25    Finally, OSAD notes that the record does not reveal any procedural errors in the circuit court's dismissal of the petition.  The Act requires that a summary dismissal must occur within 90 days of the petition's filing.  725 ILCS 5/122-2.1(a) (West 2020).  Moreover, the decision must be made without input from the State.  *People v. Gaultney*, 174 Ill. 2d 410, 419 (1996).  Here, the court dismissed the petition 7 days after it was filed—well within the 90-day limit—and the record does not reveal any participation by the State.

¶ 26                                    CONCLUSION

¶ 27    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 28    Motion granted; judgment affirmed.