NOTICE
Decision filed 11/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230059-U

NO. 5-23-0059

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 13-CF-185 |
| | ) | |
| TIMOTHY DAVIS, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the trial court questioned the venire in compliance with Rule 431 and where the record need not reflect the jurors' oath verbatim, the court did not err in dismissing defendant's postconviction petition arguing to the contrary. As any argument that the court erred would lack merit, we grant defendant's appointed appellate counsel leave to withdraw and affirm the trial court's judgment.

¶ 2    Defendant, Timothy Davis, appeals the trial court's order summarily dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the trial court erred in dismissing defendant's petition. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has given defendant an opportunity to file a response, which he has done. However, after considering the record on appeal,

1

OSAD's motion and supporting brief, and defendant's response, we conclude that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Following a jury trial in 2014, defendant was convicted of two counts of aggravated criminal sexual abuse of his stepdaughters S.T. and D.B., and one count of predatory criminal sexual assault of a child involving S.T. The trial court sentenced him to concurrent 5-year prison terms for each count of aggravated criminal sexual abuse, consecutive to a 12-year term for predatory criminal sexual assault.

¶ 5     On direct appeal, defendant argued that the trial court erred in admitting evidence of other crimes he committed and testimony improperly bolstering S.T.'s and D.B.'s credibility. He also argued that the trial court did not inquire into his claims that counsel was ineffective. The Fourth District rejected defendant's evidentiary arguments but remanded for a preliminary *Krankel* hearing on defendant's ineffective-assistance claims. *People v. Davis*, 2016 IL App (4th) 140603-U, ¶¶ 96-98, 105-06 (citing *People v. Krankel*, 102 Ill. 2d 181 (1984)).

¶ 6     On remand, the trial court held a hearing with defendant and his original trial counsel. The trial court found that defendant's claims all involved trial strategy and thus rejected them without appointing new counsel. Defendant appealed, where the State conceded that the trial court had not addressed some of defendant's claims. The Fourth District remanded for a new *Krankel* hearing. *People v. Davis*, 2018 IL App (4th) 170151-U, ¶¶ 22, 35. On remand for the second inquiry, the court asked trial counsel about the two matters, then concluded neither had merit. The Fourth District affirmed. *People v. Davis*, 2019 IL App (4th) 180381-U, ¶¶ 25-37.

2

¶ 7     On June 23, 2022, defendant filed a petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)) arguing that the trial court lacked subject-matter jurisdiction because it failed to ensure that the jury was impartial. He claimed that the jury did not unanimously agree to be impartial where the record did not reflect individual answers to certain questions during *voir dire*. Citing *People v. Moon*, 2022 IL 125959, defendant also argued the trial court lacked jurisdiction because the jury was not properly sworn. The trial court denied defendant's petition. Defendant filed an appeal, but voluntarily dismissed it.

¶ 8     Defendant then filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2022)) raising claims similar to those in his 2-1401 petition. He argued that his jury was not shown to be impartial where the trial court did not require some of the individual jurors to verbally answer certain questions about whether they could be fair, and where the record did not show to what oath the jury was sworn. He further argued that appellate counsel was ineffective for failing to raise these issues on direct appeal. The trial court summarily dismissed the petition and defendant timely appealed.

¶ 9                                   ANALYSIS

¶ 10    OSAD concludes that there is no reasonably meritorious argument that the trial court erred by dismissing the postconviction petition because defendant's claims clearly lacked merit. OSAD further concludes that there is no question that the dismissal was procedurally proper. We agree.

¶ 11    First, there is no reasonable argument that the trial court erred in dismissing the petition. The Act provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2022); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). The first issue defendant raised in his postconviction

3

petition was that the record did not demonstrate that the jury was impartial because the trial court did not require some of the venire members to specifically answer questions about whether they could be impartial.

¶ 12    Both the federal and Illinois constitutions guarantee every criminal defendant the right to a fair trial before an impartial jury. *Moon*, 2022 IL 125959, ¶¶ 33-35 (citing U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13). This guarantee includes the right to an adequate *voir dire* to identify and exclude unqualified jurors. *Morgan v. Illinois*, 504 U.S. 719, 729-30 (1992); *People v. Strain*, 194 Ill. 2d 467, 475-76 (2000).

¶ 13    To effectuate this right, Illinois Supreme Court Rule 431 provides as follows:

   "(a) The court shall conduct *voir dire* examination of prospective jurors by putting to them questions it thinks appropriate, touching upon their qualifications to serve as jurors in the case at trial. The court may permit the parties to submit additional questions to it for further inquiry if it thinks they are appropriate and shall permit the parties to supplement the examination by such direct inquiry as the court deems proper for a reasonable period of time depending upon the length of examination by the court, the complexity of the case, and the nature of the charges. Questions shall not directly or indirectly concern matters of law or instructions. The court shall acquaint prospective jurors with the general duties and responsibilities of jurors.

   (b) The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that if a defendant

4

does not testify it cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's decision not to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Ill. S. Ct. R. 431 (eff. July 1, 2012).

¶ 14 The principles identified in paragraph (b) are known as the *Zehr* principles. See *People v. Zehr*, 103 Ill. 2d 472, 477 (1984). The rule requires that the trial court "shall ask" potential jurors whether they understand and accept those principles. *People v. Thompson*, 238 Ill. 2d 598, 607 (2010).

¶ 15 Contrary to defendant's contention, however, the rule does not require that prospective jurors give individual answers. "The questioning may be performed either individually or in a group, but the rule requires an *opportunity* for a response from each prospective juror on their understanding and acceptance of those principles." (Emphasis added.) *Id.*

¶ 16 Moreover, the factual premise of defendant's argument is incorrect. When asking some general questions about prospective jurors' ability to be fair, the trial court questioned the entire panel and provided an opportunity for venire members to raise their hands. However, when covering the *Zehr* principles, the trial court asked each prospective juror individually if he or she understood and accepted each principle and required each venire member to answer individually. Thus, this issue is plainly without merit.

¶ 17 Defendant's second contention in the petition was that the record did not include a verbatim recitation of the oath given the jurors. Defendant cited *Moon* for this proposition.

¶ 18 In *Moon*, the court found plain error where undisputed evidence showed that the jury was administered the *voir dire* oath, rather than the trial oath, before trial. Although the court there

5

noted that the transcript did not include a verbatim recitation of the oath the jurors received, the court never held that this was required. The issue was ripe for adjudication because the parties stipulated that the clerk erroneously swore the jury with the *voir dire* oath, and defendant provided affidavits to that effect from two public defenders who were in the courtroom on unrelated matters. *Moon*, 2022 IL 125959, ¶ 9. Defendant here provides no such factual support.

¶ 19    Finally, OSAD asserts that there is no reasonably meritorious argument that the trial court's dismissal of the petition was procedurally improper. It notes that the trial court may summarily dismiss a postconviction petition as frivolous and patently without merit only within the first 90 days after filing. 725 ILCS 5/122-2.1(a) (West 2022). The trial court must make its determination without any input from the State. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Here, defendant filed his petition on December 8, 2022, and the trial court summarily dismissed it in a written order on January 18, 2023, well within the 90-day time period. Moreover, the record does not show that the trial court received any input from the State. The trial court therefore complied with the Act in summarily dismissing the petition, and any contrary argument would be frivolous.

¶ 20    In his response, defendant refers to his affidavit accompanying the petition in which he avers that he "never heard the jury be informed after it was impaneled 'to swear or affirm to well and truly try the matter at issue and render a true verdict according to the law evidence.' " There are two fundamental problems with this.

¶ 21    First, defendant's self-serving statement that he did not *hear* the jurors sworn does not prove that it did not happen. This is far different from *Moon*, where two impartial witnesses averred that they heard the jury receive the *wrong* oath.

¶ 22    Second, defendant's affidavit refers to a specific formulation. The *Moon* court specifically declined to impose a specific formula for jury oaths, noting that the issue was one of substance

rather than form. *Moon*, 2022 IL 125959, ¶¶ 86-87. The jury could have been informed of the substance of its duties without hearing the exact words defendant quotes, which in any event are nonsensical. There is no such legal concept as "law evidence." In other words, that defendant did not hear the precise words he quotes is of no significance whatsoever.

¶ 23 Defendant further complains that appellate counsel did not address his argument that the alternate jurors were not sworn. The record provides no support for this contention. It is unclear whether the statement "Jurors sworn" also included the alternate jurors. Defendant has the burden of persuasion on this issue (*Thompson*, 238 Ill. 2d at 613) so we will not presume error from a silent record. In any event, the record shows that the trial court dismissed the lone alternate juror prior to deliberations.

¶ 24                                   CONCLUSION

¶ 25 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the trial court's judgment.


¶ 26 Motion granted; judgment affirmed.

7