NOTICE
Decision filed 10/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230701-U

NO. 5-23-0701

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-CF-1970 |
| | ) | |
| PAUL E. BROADWAY, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court properly dismissed defendant's postconviction petition alleging that counsel was ineffective for failing to request a fitness hearing. Nothing indicated that, despite suffering head injuries in a motorcycle accident, defendant was unable to understand the proceedings or assist the defense. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Paul E. Broadway, appeals the circuit court's order summarily dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion for leave to withdraw and supporting memorandum pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion. This court has provided him an opportunity to respond, but he has not

1

done so. After considering the record on appeal and OSAD's motion and supporting memorandum, we agree that there is no issue that can support an appeal. Accordingly, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Defendant pleaded guilty to failing to report an accident involving personal injury or death. See 625 ILCS 5/11-401(b) (West 2020). In exchange for the plea, the State agreed to recommend a sentence no longer than eight years.

¶ 5     At the plea hearing, the court informed defendant of the charges, the possible penalties, and the rights he would be giving up by pleading guilty. See Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Defendant stated each time that he understood the admonishments. He assured the court that he had no physical or mental disability that would prevent him from understanding the proceedings. At one point, he informed the court that he read more slowly as the result of a previous motorcycle accident. However, there was nothing in the case that he had not had time to read. He did not say at any point during the hearing that he was confused by the proceedings.

¶ 6     The State's factual basis was that defendant was driving east on West Delmar Avenue in Godfrey when two-year-old Elle Grace Kiser chased her dog into the road, where defendant's truck struck her. She later died from her injuries.

¶ 7     Witnesses saw defendant briefly stop his truck after the accident, then drive away. Officers arrested him later that day. He told the officers that he thought he struck a deer, but later acknowledged that he may have hit a pedestrian, as he saw blonde hair at the time of the accident.

¶ 8     The court accepted the plea as knowing and voluntary and supported by an adequate factual basis. It ordered a presentence investigation report (PSI) and scheduled a sentencing hearing.

¶ 9    The PSI showed that defendant had a 2006 conviction of aggravated reckless driving and convictions of numerous traffic offenses. The report noted that defendant received social security disability benefits as a result of brain injuries received in a 1979 motorcycle accident. He married in 2000. Between 1976 and 1996, he took classes at Southern Illinois University and Lewis & Clark Community College. He estimated that he was six credits short of a bachelor's degree. He ran a lawn-care business from 1996 until the time of the accident.

¶ 10    At the hearing, Peggy Ponder, who witnessed the accident, testified that there was nothing defendant could have done to avoid hitting Kiser. The court, explaining that defendant's prior convictions made probation inappropriate, sentenced him to five years' imprisonment.

¶ 11    Defendant did not move to withdraw the plea. However, in 2023, he filed a postconviction petition. He contended that defense counsel was ineffective for failing to seek a fitness hearing based on the brain damage he suffered in the 1979 motorcycle accident.

¶ 12    Defendant attached his own affidavit in which he averred that, on the day of the accident, he was not aware that he hit anyone, believing that it was a deer. He only talked with his lawyer two or three times. He did not "think" he ever asked about the brain injury, or his memory. He was never evaluated by a doctor. He had "bad memory issues." He further stated, "I cannot hold onto thoughts. I get confused. I have trouble following directions[.] I cannot manage time."

¶ 13    Faye Ruppert, the sister of defendant's deceased wife, averred that he has a "terrible memory." Susan Broadway averred that, after his accident, defendant went to college and got married. He took care of his late wife for more than 20 years although she had many disabilities, performing all of the household duties and taking her to medical appointments.

¶ 14    Matthew Cummings, a fellow inmate, described defendant's issues with memory and confusion. Defendant also attached to his petition prison medical records. They generally noted

3

that defendant claimed to have issues with memory and confusion but also that he refused mental health treatment. The reports described defendant as alert and oriented and his mood and hygiene were appropriate.

¶ 15    The circuit court dismissed the petition. The court noted that, despite being on disability after the accident, defendant was able to attend college, marry, and operate his own business. The judge interacted extensively with defendant at a Rule 402(d) conference (Ill. S. Ct. R. 402(d) (eff. July 1, 2012)), his guilty plea hearing, and the sentencing hearing. Defendant conducted himself appropriately and responded to questions coherently. He also interacted with the probation department in compiling the PSI. Thus, the petition failed to establish a constitutional violation, as there was no reason to believe he was unfit to plead. Defendant timely appealed.

¶ 16                                    ANALYSIS

¶ 17    OSAD concludes that there is no good-faith argument that the court erred in dismissing defendant's petition. The Act provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2022); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). The circuit court may summarily dismiss a petition that is frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). A petition is frivolous or patently without merit if it lacks an arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition has no basis in law when it is based on an "indisputably meritless legal theory." *Id.* "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.*

4

¶ 18 Defendant alleged that plea counsel was ineffective for failing to request a fitness hearing. " 'To establish that a defendant was deprived of effective assistance of counsel, [he] must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result.' " *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (quoting *People v. Pugh*, 157 Ill. 2d 1, 14 (1993)).

¶ 19 Due process bars the prosecution of an unfit defendant. *People v. Brown*, 236 Ill. 2d 175, 186 (2010). A defendant is unfit to stand trial or plead if, due to a mental or physical condition, he or she is unable to understand the nature and purpose of the proceedings or to assist in the defense. 725 ILCS 5/104-10 (West 2022). The court must order a fitness hearing if a *bona fide* doubt of a defendant's fitness is raised. *Id.* § 104-11(a). A number of factors may be considered in assessing whether a *bona fide* doubt of fitness is raised, including a defendant's irrational behavior, demeanor at trial, any prior medical opinion on his competence, and any representations by defense counsel. *Brown*, 236 Ill. 2d at 186-87 (citing *People v. Eddmonds*, 143 Ill. 2d 501, 518 (1991)).

¶ 20 The court properly dismissed the petition. Throughout the proceedings, neither the judge nor defense counsel suggested that there was a *bona fide* doubt of defendant's fitness. The court noted that it had interacted extensively with defendant throughout the Rule 402 conference, the guilty plea hearing, and sentencing. The court found that defendant conducted himself and responded to questions appropriately.

¶ 21 Defendant raised the issue himself during the plea hearing but said only that he read somewhat slowly. He assured the court that he had read everything he needed to in advance of the hearing. He repeatedly asserted that he understood the court's admonishments and never said that he was confused by anything. In dismissing the petition, the court further noted that, since the accident, defendant had married, attended college, and run a small business.

5

¶ 22    The affidavits attached to the petition do not compel a different conclusion. The affidavits establish only the undisputed fact that defendant has issues with memory and confusion. But nothing suggests that these issues rendered him unfit to plead guilty.

¶ 23    None of the attachments addresses the salient issues of whether, at the time of the plea hearing, defendant could understand the proceedings and assist in his defense. The petition includes no medical opinion on this critical issue. In fact, the affidavits demonstrate that defendant was able to care for his late wife, who had extensive medical problems. He did the household chores and took her to appointments.

¶ 24    Defendant's prison medical records show that, although he complained about memory loss and confusion, he refused mental health treatment. He appeared oriented and behaved appropriately.

¶ 25    Ultimately, defendant provides no evidentiary support for the conclusion that he was unable to understand the proceedings or assist in his defense. His claim appears to be based on speculation that, had counsel sought an expert opinion, the expert might have concluded that defendant was unfit. A "defendant cannot rely on speculation or conjecture to justify his claim of incompetent representation." (Internal quotation marks omitted.) *People v. Clarke*, 391 Ill. App. 3d 596, 614 (2009) (quoting *People v. Deleon*, 227 Ill. 2d 322, 337 (2008)). Accordingly, counsel was not ineffective for failing to request a fitness hearing, and the circuit court properly dismissed the petition.

¶ 26                              CONCLUSION

¶ 27    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 28    Motion granted; judgment affirmed.

6