NOTICE

Decision filed 05/11/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220284-U

NO. 5-22-0284

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 11-CF-166 |
| | ) | |
| MATTHEW L. MOURNING, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the defendant, in his postconviction petition, failed to state the gist of a constitutional claim, and the circuit court followed the necessary procedures in summarily dismissing his petition, and where no contrary arguments would have merit, the defendant's attorney on appeal is granted leave to withdraw, and the circuit court's judgment is affirmed.

¶ 2    The defendant, Matthew L. Mourning, is serving an aggregate sentence of 14 years of imprisonment for committing two counts of predatory criminal sexual assault of a child. After the judgment of conviction was affirmed on appeal, the defendant filed a *pro se* petition for postconviction relief. The circuit court summarily dismissed it. He now appeals from that summary dismissal. The defendant's court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit, and on that basis it has filed with this court a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481

1

U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD provided the defendant with a copy of its *Finley* motion and memorandum. The defendant has responded to OSAD's motion with a one-page "memoranda" filed in this court. More will be stated about that document *infra*. This court has examined OSAD's *Finley* motion, the accompanying memorandum, the defendant's "memoranda," and the entire record on appeal, and has determined that this appeal does indeed lack merit. Accordingly, OSAD must be granted leave to withdraw as the defendant's counsel, and the judgment of the circuit court, summarily dismissing the defendant's postconviction petition, must be affirmed.

¶ 3                                    BACKGROUND

¶ 4     In 2011, the defendant was charged by information with two counts of predatory criminal sexual assault of a child. See 720 ILCS 5/12-14.1 (West 2010). The State alleged that on two separate occasions during the summer of 2002, the defendant, who was 21 years old at the time, inserted his finger into the vagina of M.M., the defendant's half-sister, who was then 6 years old.

¶ 5                                  The First Trial

¶ 6     In August 2012, the cause proceeded to trial by jury. The defendant was represented by private counsel. The complainant, M.M., age 16, testified. The key portion of M.M.'s testimony was that during the summer of 2002, when she was just 6 years old, the defendant, who was 15 years older than she, inserted his finger into her vagina, on two separate occasions, and that she did not tell anyone about the abuse until she was 15 years old, when a program on chastity at her church prompted her to reveal it. However, this trial ended in a mistrial for a reason irrelevant to this appeal.

2

¶ 7                    The Second Trial and the Direct Appeals That Followed

¶ 8    In December 2013, a second trial by jury was held.  The defendant was represented by the same private counsel.  The complainant, M.M., age 18, testified in a manner that was generally consistent with her testimony at the first trial.  This time, the trial went to completion.  The jury returned verdicts of guilty on both counts.

¶ 9    Four weeks after the trial, the defendant personally wrote a letter to the trial judge, stating that he had "fired" trial counsel and complaining about aspects of his representation.  At a scheduled hearing shortly afterward, the court (very briefly) questioned the defendant about the content of his letter.

¶ 10    In March 2014, the court sentenced the defendant to a term of eight years of imprisonment on the first count of predatory criminal sexual assault of a child, and a term of nine years on the second count, to be served consecutively.  The defendant appealed from the judgment of conviction.

¶ 11    On appeal in *People v. Mourning*, 2016 IL App (4th) 140270 (*Mourning I*), the Appellate Court, Fourth District, concluded that the circuit court had failed to conduct an adequate inquiry into the defendant's posttrial claims of ineffective assistance of counsel, claims included in the defendant's posttrial letter to the trial judge.  The court remanded the cause so that the trial court could conduct such an inquiry.

¶ 12    On remand from the Fourth District, in August 2016, the circuit court conducted the inquiry it was directed to conduct.  The trial judge questioned the defendant and his trial counsel, in detail. In the end, the court determined that the defendant's posttrial claims of ineffective assistance of trial counsel either lacked merit or pertained to trial strategy.  The defendant appealed from the judgment of conviction.

3

¶ 13    In April 2017, the Fourth District affirmed the defendant's convictions, but vacated certain fines. *People v. Mourning*, 2017 IL App (4th) 160592-U (*Mourning II*).

¶ 14    The defendant filed a petition for leave to appeal. Our supreme court denied the petition but entered a supervisory order directing the Fourth District to vacate its April 2017 judgment and further directing it to reconsider the defendant's appeal in light of a then-recent decision by our supreme court. *People v. Mourning*, No. 122306 (Ill. Sept. 27, 2017) (supervisory order).

¶ 15    In December 2017, the Fourth District reconsidered its decision in *Mourning II*, in light of the supreme court's supervisory order. This time, the Fourth District reversed the defendant's convictions. The basis for the reversal lay in the prosecutor's cross-examination of the defendant, where she asked him to comment directly on the credibility of the complainant. The cause was remanded for further proceedings. (The court briefly added that the evidence in this case was sufficient to prove the defendant guilty beyond a reasonable doubt, and therefore a retrial on remand was permitted.) *People v. Mourning*, 2017 IL App (4th) 160592-UB (*Mourning III*).

¶ 16                         The Third Trial and the Direct Appeal That Followed

¶ 17    Upon remand, the defendant was represented by the public defender. The defendant waived his right to a trial by jury, choosing instead a bench trial.

¶ 18    In January 2019, the bench trial was held. The complainant, M.M., age 23, testified in a manner that was generally consistent with her testimonies in the two previous trials. Ultimately, the trial judge found M.M. to be a credible witness, and it therefore found the defendant guilty of both counts of predatory criminal sexual assault of a child.

¶ 19    The public defender, on behalf of the defendant, filed a motion for new trial. In April 2019, the court, after hearing arguments of counsel, denied the motion. The court then proceeded immediately to sentencing and imposed a sentence of imprisonment for a term of seven years, as

4

to each of the two counts, to be served consecutively, followed by three years of mandatory supervised release. The defendant appealed from the judgment of conviction.

¶ 20    On appeal, the defendant argued (1) that he was not proved guilty beyond a reasonable doubt, for no evidence corroborated M.M.'s "inconsistent and unlikely" testimony, and (2) that he received ineffective assistance of counsel, for counsel's failure to impeach M.M. with her contradictory statements from the prior trials. In February 2021, the Fourth District rejected his arguments and affirmed the judgment of conviction. *People v. Mourning*, 2021 IL App (4th) 190242-U (*Mourning IV*).

¶ 21                              Postconviction Proceedings

¶ 22    On November 29, 2021, the defendant filed a (very short) *pro se* petition for postconviction relief. The petition was a preprinted form, with blanks to fill in. In that portion of the form where the defendant was asked to state the specific constitutional right that was violated, the defendant wrote that his right to "effective assistance," guaranteed by the "5th, 6th and Fourteenth Amendment," was violated. He left blank that portion of the preprinted form where he was asked to describe how this right was violated. Accompanying the petition was a "motion for extension of time," wherein the defendant stated that his prison was under severe pandemic-related restrictions, and that these restrictions prevented him from accessing the library and performing the research necessary to prepare a proper postconviction petition.

¶ 23    On February 10, 2022, the circuit court entered an order dismissing the defendant's postconviction petition. The court noted that it had waited more than 60 days before entering the order, but that the defendant had not filed any additional paperwork.

¶ 24    On February 24, 2022, the defendant filed a few different *pro se* papers with the circuit court—a "motion for alter," a "motion to reconsider," an affidavit, and a notice of appeal. They

5

were all file-stamped by the clerk of the circuit court on March 8, 2022. The "motion for alter" was filed under "Federal Rules of Civil Procedur [*sic*] Rule 59(e)." The defendant referred to his postconviction petition and its filing on November 29, 2021, and wrote that since that date, he had been "unable to comply with any procedural requirements." The defendant further wrote that his "constitutional rights were violated because, Article 8-9-10 [¶] Amendments 5-6-14 [¶] The defendant was deprived, Due Process of Law; Actual Innocence [¶] The defendant was twice put in Jeopardy for same false allegations [¶] Perjured testimony by Complaintif [*sic*] [¶] The defendant was deprived [*sic*] effective assistance of counsel." In the prayer-for-relief portion of the "motion for alter," the defendant asked the court to "alter his petition to include constitutional claims." The defendant also filed a short "motion to reconsider" the dismissal of his postconviction petition. In that motion, he stated that his failure "to prepare forms to file" was not due to his own culpable negligence but was due instead to the impossibility of performing research and of obtaining necessary "forms, copies." The defendant also filed an affidavit, wherein he stated that his postconviction petition was accompanied by a motion for extension of time. According to the affidavit, he never received any mail from the court clerk until February, when the clerk sent him a copy of the order dismissing his postconviction petition. Finally, the defendant filed a notice of appeal, thus perfecting the instant appeal.

¶ 25 On March 11, 2022, the defendant filed a motion for leave to file an amended postconviction petition. He stated that the prison restrictions had been lifted, and he was now able to access the library so as to "comply with procedural requirements" for a postconviction petition.

¶ 26 On March 24, 2022, the circuit court entered an order denying the defendant's "motion for alter" and his "motion to reconsider." The order stated that the defendant had "not set forth clearly"

6

how his constitutional rights were violated, presenting merely "conclusory allegations without setting forth any facts that would constitute a gist of a constitutional claim."

¶ 27 On April 26, 2022, the circuit court entered an order denying leave to file an amended postconviction petition. According to the circuit court, the defendant's motion for leave did not state the gist of a constitutional claim. The court also noted that the defendant had already filed a notice of appeal from the dismissal of his original postconviction petition, and therefore the circuit court no longer had jurisdiction.

¶ 28 On May 9, 2022, the clerk of the circuit court file-stamped the defendant's *pro se* notice of appeal from the "order dismissing petition for post-conviction." The proof of service stated that the defendant placed the notice of appeal into the prison mail system on April 9, 2022; however, the notary public notarized the proof of service on April 14, 2022. (There was no explanation as to how a proof of service could be notarized five days after being mailed.)

¶ 29                                ANALYSIS

¶ 30 The defendant appeals from the circuit court's summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Appellate review of a summary dismissal is *de novo*. *People v. Allen*, 2015 IL 113135, ¶ 19. New postconviction claims may not be added on appeal. *People v. Jones*, 213 Ill. 2d 498, 505 (2004).

¶ 31 As previously mentioned, the defendant's appointed attorney on appeal, OSAD, has filed a *Finley* motion to withdraw as counsel, along with a legal memorandum in support of the motion. In its memorandum, OSAD discusses two potential issues in this appeal, *viz.*: (1) whether the defendant raised the gist of a constitutional claim in his petition, and (2) whether the circuit court followed the proper procedures in dismissing his petition. OSAD concludes that these issues lack arguable merit. We agree.

7

¶ 32    The Act provides a method by which any person imprisoned in the penitentiary may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Smith*, 2015 IL 116572, ¶ 9.  A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction.  *People v. English*, 2013 IL 112890, ¶ 21.  A postconviction proceeding begins when a criminal defendant files a postconviction petition in the circuit court.  725 ILCS 5/122-1(b) (West 2020).  "The petition shall *** clearly set forth the respects in which [the defendant's] constitutional rights were violated.  The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."  *Id.* § 122-2.  The Act requires the circuit court to examine a defendant's postconviction petition, and enter an order thereon, within 90 days after the petition is filed and docketed.  *Id.* § 122-2.1(a).  A circuit court needs to determine within the 90-day timeframe whether it should summarily dismiss the defendant's petition as frivolous or patently without merit (*Id.* § 122-2.1(a)(2)) or should order the petition to be docketed for further consideration (*id.* § 122-2.1(b)).  The court must make that determination independently, without any additional input from the defendant, and without any input from the State.  *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).

¶ 33    A *pro se* postconviction petition may be dismissed as frivolous or patently without merit only if its allegations, taken as true and liberally construed, fail to state the gist of a constitutional claim.  *Id.*  In other words, the petition may be dismissed "only if [it] has no arguable basis either in law or in fact.  A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation."  *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).  In order to meet the "gist" standard, a defendant " 'need only present a limited amount of detail' " in his petition, and he need not make legal arguments or cite to legal

authority. *People v. Delton*, 227 Ill. 2d 247, 254 (2008) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). "However a 'limited amount of detail' does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation." *Id.* The pleading requirements for a *pro se* petition are low, but they must be met if the petition is to avoid summary dismissal. See *Hodges*, 234 Ill. 2d at 9.

¶ 34    OSAD's first potential issue in this case is whether the defendant raised the gist of a constitutional claim. In his petition filed November 29, 2021, the defendant claimed that his right to "effective assistance" had been violated. It is not difficult to presume that he was referring to his right to the effective assistance of trial counsel. See U.S. Const., amend. VI. However, the defendant did not specify (or even hint at) what specifically counsel had done badly or had failed to do. That is, he did not present any detail on how, or in what manner, counsel had provided ineffective assistance. That portion of his preprinted form petition was left blank. He merely asserted that his right to effective assistance had been violated. Unsurprisingly, the circuit court summarily dismissed the petition. In a "motion for extension of time" that accompanied the petition, the defendant stated that he could not access the library to perform legal research because of pandemic-related restrictions at his prison. He repeated that excuse in later-filed motions. However, the unavailability of the prison library does not explain why he was unable to provide a factual basis to support his claimed constitutional violation. He needed to provide only a limited amount of detail; he did not need to make any legal arguments or cite to any legal authority. See *Delton*, 227 Ill. 2d at 254. The court waited more than 60 days to rule on the defendant's petition, apparently to provide the defendant with additional time to provide a factual basis, but the defendant failed to file anything further. The circuit court did not err in summarily dismissing the petition.

¶ 35    OSAD's second potential issue is whether the circuit court followed the proper procedures in dismissing his petition. This issue is even weaker than the first.

¶ 36    Once a defendant has had his petition filed and docketed, the circuit court has 90 days to enter an order thereon. 725 ILCS 5/122-2.1(a) (West 2020). The circuit court needs to determine, within that 90-day timeframe, whether the petition should be summarily dismissed as frivolous or patently without merit (*id.* § 122-2.1(a)(2)) or should be docketed for further consideration (*id.* § 122-2.1(b)). The court must make this determination without any input from the State. *Edwards*, 197 Ill. 2d at 244.

¶ 37    Here, the defendant's postconviction petition was filed and docketed on November 29, 2021. Within 90 days of that date—specifically, on February 10, 2022—the circuit court summarily dismissed the petition. The record does not contain any indication that the State had any input in the court's determination. Therefore, the court properly followed all procedures in dismissing the petition.

¶ 38    In a "memoranda" filed with this court in response to OSAD's *Finley* motion, the defendant "asserts, that the appointed counsel refused to investigate possible defenses, refused to take alibi witness statements, and/or has refused to challenge the States [*sic*] evidence and witnesses in any way." With this assertion, the defendant attempts to explain how, or in what manner, his public defender provided him with constitutionally ineffective assistance. In other words, he attempts to fill in the blank that he left out of his preprinted form petition. The defendant provides only general, conclusory statements. He does not explain the "possible defenses" that his public defender allegedly refused to investigate. He does not so much as name the alibi witness(es) from whom the public defender allegedly refused to take statements. He does not specify any of the "evidence and witnesses" that the public defender allegedly failed to challenge. The defendant's

10

"memoranda" does not state any legitimate basis for denying OSAD's *Finley* motion or for not affirming the judgment of the circuit court.

¶ 39                                  CONCLUSION

¶ 40      Because the defendant failed to state the gist of a constitutional claim in his postconviction petition, the circuit court summarily dismissed the petition in compliance with required procedures.  Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 41      Motion granted; judgment affirmed.