NOTICE

Decision filed 02/05/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230442-U

NO. 5-23-0442

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-CF-101 |
| | ) | |
| TERRANCE D. WILLIAMS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:* Where the circuit court did not err in finding that the defendant's postconviction petition was frivolous and patently without merit, and no argument to the contrary would have merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Terrance D. Williams, is serving a 25-year term of imprisonment for armed violence. The defendant pleaded guilty to that offense pursuant to a fully negotiated agreement with the State. He did not take a direct appeal. Eighteen months after pleading guilty, the defendant filed a timely petition for postconviction relief. See 725 ILCS 5/122-1 *et seq.* (West 2022). The circuit court summarily dismissed the petition. The defendant now appeals from that summary dismissal.

1

¶ 3     The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal does not present an issue of arguable merit, and on that basis, it has filed with this court a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support thereof. The defendant, having been properly served with the motion, has filed a response thereto. Having examined OSAD's *Finley* motion and brief, the defendant's response, and the entire record on appeal, this court concludes that this appeal does indeed lack merit. Accordingly, OSAD must be granted leave to withdraw, and the judgment of the circuit court must be affirmed.

¶ 4                                     BACKGROUND

¶ 5     In March 2021, the defendant was charged by information, and subsequently by indictment, with being an armed habitual criminal, a Class X felony. See 720 ILCS 5/24-1.7 (West 2020). The public defender was appointed to represent him.

¶ 6                             The Negotiated Plea of Guilty

¶ 7     On October 12, 2021, the defendant, his public defender, and two prosecutors appeared before the circuit court and announced that they had reached a plea agreement. One prosecutor described the terms of the agreement, as follows: the State would file a supplemental information charging the defendant with armed violence (see 720 ILCS 5/33A-2(a) (West 2022)), which is a Class X felony; the defendant would plead guilty to that charge, and he would be sentenced therefor to 25 years in prison, plus 18 months of mandatory supervised release (MSR); he would receive credit for 188 days of presentencing credit, and he would receive day-for-day good-conduct credit in prison; and the State would move to dismiss the original armed-habitual-criminal count, plus all counts in some unrelated felony, misdemeanor, and traffic files, and the State would

2

agree not to pursue charges stemming from statements the defendant allegedly made during his pre-plea incarceration. The public defender and the defendant concurred in the agreement as stated.

¶ 8    The State recited a factual basis for the plea, describing in some detail the anticipated trial testimonies of the State's witnesses. Essentially, the factual basis indicated that the defendant possessed a firearm while committing the offense of aggravated fleeing or attempting to elude a peace officer, in violation of section 11-204.1(a)(4) of the Illinois Vehicle Code (625 ILCS 5/11-204.1(a)(4) (West 2020)). The public defender and the defendant stipulated to the factual basis. The parties waived a presentence investigation report (PSI). According to the State, the defendant had prior convictions for residential burglary, unlawful possession of a weapon by a felon, and attempted possession of a weapon by a felon, all in Jefferson County, Illinois, and armed robbery and attempted unlawful use of a weapon, both in Cook County, Illinois. The armed-robbery charge was in Cook County case number 10-CR-510601. "That is the extent of his adult criminal history," the assistant State's attorney concluded. The public defender and the defendant agreed that the criminal history had been accurately stated.

¶ 9    Then, the court admonished the defendant about the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt, as well as his right to plead not guilty, his right to a trial, whether by a jury or by the judge alone, his right to be represented by counsel, his right to confront and cross-examine the witnesses against him, his right to testify or to remain silent at trial, and not to have his silence used against him, and that a plea of guilty waives all of those rights. The defendant expressed his understanding of all those rights and further expressed his desire to plead guilty to armed violence, pursuant to the plea agreement. The court admonished the defendant that armed violence was a Class X felony, and that he could possibly be sentenced to imprisonment for anywhere between 15 years, at a minimum, to 60 years, maximum, followed

3

by 18 months of MSR, and the defendant indicated his understanding of the sentencing range. The defendant indicated a continuing wish to plead guilty to armed violence. He acknowledged signing a written plea of guilty to that offense, and he indicated that nobody had forced or threatened him into signing it, and nobody had promised him anything, apart from the plea agreement, in order to persuade him to sign. He also indicated that he had had sufficient time to discuss the written plea with his public defender, with whose services he was satisfied, and that he wanted the court to accept his signature on the written plea as his free and voluntary act.

¶ 10    The court accepted the guilty plea, finding that it was "knowing, intelligent and voluntary" and was supported by a factual basis. The court sentenced the defendant, as agreed, to 25 years in prison, followed by 18 months of MSR, and specified 188 days of "pretrial incarceration credit." In accordance with the parties' plea agreement, the court dismissed the armed-habitual-criminal count, as well as the felony, misdemeanor, and traffic counts charged in unrelated files. The court then admonished the defendant about his appeal rights, including the need for filing a written motion to withdraw guilty plea within 30 days, and the defendant indicated his understanding.

¶ 11    The defendant did not file a motion to withdraw his guilty plea. He did not appeal from the judgment of conviction.

¶ 12                    The Postconviction Petition

¶ 13    On May 25, 2023, the defendant filed the pleading that is the subject of this appeal—a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). In his petition, the defendant presented two claims of constitutional deprivation. Both claims centered on a prior conviction, or adjudication, for armed robbery.

¶ 14    In the first claim of his postconviction petition, the defendant alleged that plea counsel had provided constitutionally ineffective assistance by advising him to accept the State's plea offer to

4

armed violence as a way of avoiding an extended-term sentence for armed habitual criminal. According to the defendant, the extended-term sentence would have been based on the defendant's prior conviction for armed robbery, but the alleged prior conviction was actually a prior juvenile adjudication, and therefore it could not have been properly used as the basis for extending the term.

¶ 15 In the second claim of his postconviction petition, the defendant alleged that the circuit court had deprived him of the due process of law and of a fair trial where it had "considered [the defendant's] armed robbery conviction when the court accepted [the defendant's] plea as being an offense for the extended term when [the defendant] was a juvenile at the time of the offense(s) and that conviction would have been resolved in delinquency proceedings rather than criminal court proceedings and would not qualify as an offense for the extended term."

¶ 16 The petition had several attachments. Most of these were copies of pages from the record in the instant case. None of the attachments seemed particularly pertinent to the defendant's two postconviction claims.

¶ 17 On June 6, 2023, the circuit court entered a written order adjudicating the defendant's *pro se* postconviction petition. The court wrote: "The statute [*sic*] of which the Defendant complains was dismissed as part of his plea agreement." The court found that the petition was "frivolous and patently without merit," and it "denied" the petition. This appeal followed.

¶ 18                                ANALYSIS

¶ 19 This appeal is from an order of the circuit court that "denied" the defendant's postconviction petition. Actually, the denial was a summary dismissal. The summary dismissal of a postconviction petition is reviewed *de novo*. *People v. Brown*, 236 Ill. 2d 175, 184 (2010). It can be affirmed on any basis supported by the record. *People v. Durr*, 215 Ill. 2d 283, 296 (2005).

5

¶ 20    As previously mentioned, the defendant's appointed attorney on appeal, OSAD, has filed a *Finley* motion to withdraw as counsel. In his written response to the *Finley* motion, the defendant asks this court to deny OSAD's motion to withdraw. However, the response does not provide a rationale for not allowing OSAD to withdraw; it does not explain why this appeal has merit. Instead, the defendant claims to have additional issues that can be raised—if counsel is appointed. In an appeal from the dismissal of a postconviction petition, the only issues that can be raised are issues relating to the claims presented in the petition that was filed in the circuit court; a defendant cannot raise new claims on appeal. See *People v. Jones*, 211 Ill. 2d 140, 148 (2004). For that reason, the defendant's response will not be considered further.

¶ 21    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a procedural mechanism through which a criminal defendant may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022); *People v. Smith*, 2015 IL 116572, ¶ 9. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. A criminal defendant initiates a proceeding under the Act by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2022). "The petition shall *** clearly set forth the respects in which [the defendant's] constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.* § 122-2. The Act requires the circuit court to examine a defendant's postconviction petition, and enter an order thereon, within 90 days after the petition is filed and docketed. *Id.* § 122-2.1(a). A circuit court needs to determine within the 90-day timeframe whether it should summarily dismiss the defendant's petition as frivolous or patently without merit (*id.*

6

§ 122-2.1(a)(2)) or should order the petition to be docketed for further consideration (see *id.* § 122-2.1(b)).

¶ 22    A *pro se* postconviction petition may be dismissed as frivolous or patently without merit only if its allegations, taken as true and liberally construed, fail to state the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). In other words, the petition may be dismissed "only if [it] has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* In order to meet the "gist" standard, a defendant " 'need only present a limited amount of detail' " in his petition, and he need not make legal arguments or cite to legal authority. *People v. Delton*, 227 Ill. 2d 247, 254 (2008) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). "However a 'limited amount of detail' does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation." *Id.* The pleading requirements for a *pro se* petition certainly are low, but they are real, and they must be met if the petition is to avoid summary dismissal. See *Hodges*, 234 Ill. 2d at 9.

¶ 23    Regardless of what else can be said about the defendant's petition, it is certain that each of the defendant's two postconviction claims hinges on a single factual allegation, namely, that his adult conviction for armed robbery was, in reality, a juvenile adjudication for armed robbery. This factual allegation is completely unsupported; none of the attachments to the postconviction petition relates to it, at all. Furthermore, the record here apparently contradicts the allegation. At the defendant's October 2021 guilty-plea hearing, after the parties had waived preparation of a PSI, the State provided the court with the defendant's criminal history. Included in that history was an

7

armed-robbery conviction in Cook County case number 10-CR-510601. (When the year 2010 began, the defendant was already 18 years old, since he was born on November 30, 1991.) After providing the history, the assistant State's attorney said, "That is the extent of his adult criminal history." In answer to the court's queries, the public defender and the defendant agreed that the criminal history had been stated accurately. In short, at the time of the instant guilty plea, there was no suggestion that the armed robbery conviction was, in fact, a juvenile adjudication, and there is nothing to suggest it, now. The defendant's petition was frivolous and patently without merit, just as the circuit court found.

¶ 24                          CONCLUSION

¶ 25    For the reasons stated above, OSAD's motion for leave to withdraw as counsel is granted, and the judgment of the circuit court is affirmed.


¶ 26    Motion granted; judgment affirmed.