NOTICE

Decision filed 02/13/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230122-U

NO. 5-23-0122

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 97-CF-1130 |
| | ) | |
| GREGORY L. HOLMES, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court did not err in denying defendant leave to file a successive postconviction petition where it was unaccompanied by a motion for leave to file alleging cause and prejudice, the issue related to the trial evidence and thus could have been raised earlier and the supplemental issue alleging actual innocence was unaccompanied by affidavits based on personal knowledge of the underlying events. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Gregory L. Holmes, appeals the circuit court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified

1

defendant of its motion, and this court has provided him an opportunity to file a response, which he has done. However, after considering the record on appeal, OSAD's memorandum and supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      Following a jury trial, defendant was convicted of 14 offenses, including home invasion, armed violence, and criminal sexual assault resulting from two separate incidents occurring on August 20, 1997. A total of five witnesses testified that two men, one wielding a gun, broke into two houses demanding money and forced them to perform various sex acts on each other. All the witnesses identified defendant and codefendant Donte Lofton as the perpetrators.

¶ 5      The trial court imposed an aggregate sentence of 115 years in prison. On direct appeal, the Fourth District affirmed defendant's convictions but vacated one armed violence sentence after holding the statute under which he was convicted unconstitutional. *People v. Holmes*, No. 4-98-0768 (Apr. 28, 2000) (unpublished order under Illinois Supreme Court Rule 23). The trial court resentenced defendant to an aggregate 110 years' imprisonment and the appellate court affirmed. *People v. Holmes*, No. 4-00-0962 (Apr. 19, 2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6      In 2000, defendant filed a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2000)). The trial court dismissed the petition and the appellate court affirmed. *People v. Holmes*, No. 4-02-0188 (Jan. 12, 2004) (unpublished order under Illinois Supreme Court Rule 23). In 2003, defendant filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 *et seq.* (West 2002)). The trial court dismissed the petition

2

and defendant voluntarily dismissed his appeal. Subsequently, defendant on three occasions sought to file a successive postconviction petition. Each time, the court denied leave to file.

¶ 7 In 2022, defendant filed another postconviction petition, which is the subject of this appeal. Defendant argued that the State had presented no physical evidence tying him to the crimes and that the eyewitness testimony on its own was insufficient to prove his guilt. Defendant did not file a motion seeking leave to file the petition and made no attempt to establish cause for not raising the issues sooner or prejudice from the failure to do so.

¶ 8 Defendant later submitted his own "affidavit" in which he claimed that, in 2004, a lieutenant, possibly named Lawrence, told him that she had paid the witnesses $300 each to set him up. He alleged that he talked to one of the men who committed the crime. Defendant wrote down the man's name, but the paper on which he wrote it was confiscated by Lieutenant Withoff so that defendant could not obtain an affidavit from the other man, who had promised to execute one for him. The alleged affidavit does not contain a notary seal but includes an illegible signature above the notation "Notary Public" which appears to be in the same handwriting as the rest of the document.

¶ 9 The trial court dismissed the petition, noting that it was not accompanied by a motion for leave to file it and was not supported by affidavit or other evidence. Defendant timely appealed.

¶ 10                                  ANALYSIS

¶ 11 OSAD concludes that there is no reasonably meritorious argument that the court erred in dismissing the petition. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). A petition "shall have attached thereto affidavits, records, or other evidence

3

supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2020).

¶ 12    The Act contemplates the filing of only one postconviction petition and provides in section 122-3 (*id.* § 122-3) that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *People v. Bailey*, 2017 IL 121450, ¶ 15. To file a successive petition, a defendant must obtain leave of court, which may be granted where the defendant demonstrates cause for his or her failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure. 725 ILCS 5/122-1(f) (West 2020). "Cause" in this context refers to any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial postconviction proceeding. *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002). "Prejudice" refers to a claim of a constitutional error that so infected the proceedings that the resulting conviction violated due process. *People v. Williams*, 392 Ill. App. 3d 359, 366 (2009).

¶ 13    Here, the claim raised in the petition itself related to the evidence at trial 25 years before. Defendant made no attempt to explain why this claim could not have been raised in one of his two direct appeals, in his initial postconviction petition, or in one of his numerous additional collateral filings. Moreover, he cannot demonstrate prejudice because the claim clearly fails in any event.

¶ 14    As noted, five eyewitnesses clearly and consistently identified defendant as one of the perpetrators. The testimony of a single witness, "if it is positive and the witness credible," is sufficient to support a conviction. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). The State has no obligation to present physical evidence to corroborate witness testimony. *People v. Parker*, 2016 IL App (1st) 141597, ¶¶ 29-30 (citing *People v. Schott*, 145 Ill. 2d 188, 202-03 (1991)). Thus, defendant cannot establish prejudice from the failure to raise this issue earlier.

4

¶ 15    In his "affidavit," defendant attempts to raise an issue of actual innocence. Even absent a showing of cause and prejudice, a defendant may bring a claim of actual innocence to prevent a fundamental miscarriage of justice. *People v. Coleman*, 2013 IL 113307, ¶ 83. To succeed on such a claim, a defendant must present new, material, noncumulative evidence that is so conclusive it would probably change the result on retrial. *Id.* ¶ 96. "New" means that the evidence was discovered after trial and could not have been discovered earlier through the exercise of due diligence. "Material" means that the evidence is relevant and probative of the defendant's innocence. "Noncumulative" means that the evidence adds to what the jury heard. And "conclusive" means that the evidence, when considered along with the trial evidence, would probably lead to a different result. *Id.*

¶ 16    We note initially that the claims in defendant's affidavit strains credulity. Defendant claims that a vaguely identified prison guard—who would have known neither defendant nor the details of the offenses prior to defendant's trial—decided, for no disclosed reason, to bribe five witnesses in a distant county to falsely identify defendant as the perpetrator of a series of horrific crimes. Then, for no disclosed reason, she decided to confess this to defendant. Defendant then coincidentally met one of the actual perpetrators who, despite facing a virtual lifetime in prison, promised to confess to the crimes. Defendant, despite the prospect of being freed from a 110-year sentence, apparently did not remember the alleged perpetrator's name. He merely wrote it down on a piece of paper, which was confiscated by another vaguely identified prison guard. Despite knowing this, defendant did nothing about it for nearly 20 years before raising it as an addendum to his *sixth* collateral petition challenging his conviction.

¶ 17    Moreover, the critical allegations are completely unsupported. Assuming that defendant's affidavit qualifies as such, its allegations about conversations with the prison guard and the alleged

perpetrator are hearsay. See *People v. Bailey*, 2016 IL App (3d) 140207, ¶ 33 (affidavit not based on witness's personal knowledge insufficient to support actual-innocence claim). Defendant did not provide affidavits from the guards involved, the alleged perpetrator, or the witnesses who were allegedly bribed. Defendant's unsupported allegations of a fantastical scheme to frame him did not constitute newly discovered evidence of such a conclusive character that it would likely change the result on retrial.

¶ 18 Defendant's response to the motion to withdraw is difficult to decipher. He contends that the "hearsay" evidence was insufficient to support his conviction under the "Uncorroborated Evidence Act." However, no such statute exists. As noted, defendant's convictions were based upon multiple eyewitness identifications, which are sufficient to sustain a conviction. *Smith*, 185 Ill. 2d at 541.

¶ 19 Defendant contends that, at the preliminary hearing, the "Judge told me that he did not have any evidence to put the case on me but because of the War Craft, CA, CCO, OCC, Club Association, gang test contract was the only reason he was not throwing it out and was letting it go to trail [*sic*]." Whatever this may mean, no similar argument was raised in the petition. Claims of error not raised in a postconviction petition are forfeited and may not be raised for the first time on appeal from the first-stage dismissal of that petition. *People v. Jones*, 211 Ill. 2d 140, 149-50 (2004). Moreover, the claim is flatly contradicted by the record. At the preliminary hearing, the court found sufficient evidence for the case to proceed.

¶ 20 CONCLUSION

¶ 21 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 22 Motion granted; judgment affirmed.