NOTICE

Decision filed 02/13/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230121-U

NO. 5-23-0121

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 97-CF-112 |
| | ) | |
| GREGORY L. HOLMES, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court did not err in denying defendant leave to file a successive postconviction petition where defendant did not satisfy the cause-and-prejudice test and, in any event, the proposed petition did not allege any constitutional violation occurring in this case, but raised arguments related to a separate but related case. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Gregory L. Holmes, appeals the circuit court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him an opportunity to file a response, but he

1

has not done so. After considering the record on appeal and OSAD's memorandum and supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                   BACKGROUND

¶ 4     Defendant pleaded guilty to burglary in case No. 97-CF-112 and was sentenced to 24 months' probation. Shortly thereafter, he was charged in case No. 97-CF-1130 with numerous offenses, including home invasion, armed robbery, and aggravated criminal sexual assault. Following a jury trial, he was convicted of 14 offenses and sentenced to an aggregate 110 years in prison. The court also revoked his probation in No. 97-CF-112 and sentenced him to five years' imprisonment, to be served concurrently with his sentence in No. 97-CF-1130.

¶ 5     Defendant did not directly appeal in case No. 97-CF-112. He filed a postconviction petition that included both case numbers in the caption. However, he made no arguments relating to 97-CF-112. The court denied the petition following a second-stage hearing and the Fourth District affirmed. *People v. Holmes*, No. 4-02-0811 (Aug. 19, 2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     In 2022, defendant filed a motion for leave to file a successive postconviction petition. Although the caption contained both case numbers, the only substantive arguments related to case No. 97-CF-1130. In an order relating only to No. 97-CF-112 and included in the record for that case, the circuit court denied leave to file. Defendant timely appealed.

¶ 7                                     ANALYSIS

¶ 8     OSAD contends that there is no reasonably meritorious argument that the circuit court erred in denying defendant leave to file a successive postconviction petition in case No. 97-CF-112 for

2

the simple reason that the proposed petition did not include any allegations relating to or seek any relief in that case. We agree.

¶ 9    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). The Act contemplates the filing of only one postconviction petition and provides in section 122-3 (725 ILCS 5/122-3 (West 2020)) that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *People v. Bailey*, 2017 IL 121450, ¶ 15. To file a successive petition, a defendant must obtain leave of court, which may be granted where the defendant demonstrates cause for his or her failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure. 725 ILCS 5/122-1(f) (West 2020).

¶ 10    Defendant made no attempt to satisfy the cause and prejudice requirements for filing a successive petition. Although he made no substantive arguments relating to No. 97-CF-112, given that the court revoked his probation on the basis of the offenses of which he was convicted in No. 97-CF-1130, it is conceivable that reversing those convictions might require vacating his sentence in No. 97-CF-112.[1] However, as we have also concluded that defendant's most recent petition provides no basis for reversing his convictions in No. 97-CF-1130 (*People v. Holmes*, 2024 IL App (5th) 230122-U), there is no basis for disturbing his sentence in No. 97-CF-112.

---

[1]The Illinois Department of Corrections website indicates that defendant has not completed his sentence in No. 97-CF-112.

3

¶ 11                                CONCLUSION

¶ 12    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 13    Motion granted; judgment affirmed.