2024 IL App (1st) 220867-U
No. 1-22-0867

FIRST DIVISION
June 10, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

—

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

—

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11 CR 12693 |
| | ) | |
| GILBERT FELICIANO, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Stanley J. Sacks, |
| | ) | Judge Presiding. |

—

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court properly dismissed the defendant's *pro se* petition for postconviction relief at the first stage.

¶ 2    Defendant, Gilbert Feliciano, appeals the summary dismissal of his petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant argues

that his petition stated an arguable claim that trial counsel provided ineffective assistance for failing to investigate alibi witnesses.[1] We affirm.

¶ 3        BACKGROUND

¶ 4    A grand jury charged Feliciano with eleven counts of first degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2010), two counts of home invasion (*id.* § 12-11(a)(2)), four counts of residential burglary (*id.* § 19-3(a)), and one count of robbery (*id.* § 18-1(a)), following an incident that occurred on or about October 11, 2010, and continuing through October 13, 2010. The indictment alleged that Feliciano killed and robbed Stanley Letkiewicz. Feliciano entered a plea of not guilty, and the matter proceeded to a jury trial.[2]

¶ 5    The jury found Feliciano guilty of first degree murder, robbery of a person sixty years of age or older, and home invasion. Feliciano filed a *pro se* motion for a new trial. In paragraph ten of his motion, he argued that trial counsel provided ineffective for not presenting exculpatory evidence. The circuit court determined that Feliciano's ineffective assistance of trial counsel argument entitled him to a *Krankel* hearing.

¶ 6    At the *Krankel* hearing, the circuit court asked Feliciano to explain his claim of ineffective assistance of trial counsel. Feliciano argued that his trial counsel provided ineffective assistance for failing to call the forensic expert and the detective who wrote the police report regarding the broken window. Although the circuit court repeatedly directed Feliciano to focus on his argument in paragraph ten of his motion, the circuit court entertained additional claims not raised in the motion. Throughout the *Krankel* hearing, Feliciano made the following additional arguments: trial

---

[1] Defendant also claimed that his trial counsel provided ineffective assistance in preventing him from testifying in his own defense, but he has since withdrawn that claim.
[2] Our prior decision. *People v. Feliciano*, 2020 IL App (1st) 171142, recounts the underlying facts in more detail. We include only those facts pertinent to the resolution of the instant appeal.

counsel failed to present his testimony, trial counsel failed to object to the neighbor's testimony about the dresser, and trial counsel never went through discovery with him. At the end of the hearing, the circuit asked Feliciano "[a]nything else about your lawyer being ineffective or whatever?" Feliciano responded "[n]o." The circuit court denied Feliciano's *pro se* motion for a new trial regarding his claim of ineffective assistance of trial counsel.

¶ 7 The circuit court sentenced Feliciano to consecutive prison sentences of forty years for one count of first degree murder, ten years for one count of home invasion, and four years for one count of robbery, for a total sentence of fifty-four years' imprisonment.

¶ 8 On direct appeal, Feliciano challenged the sufficiency of the evidence at trial and the admissibility of a large portion of that evidence. We affirmed his conviction and sentence. *People v. Feliciano*, 2020 IL App (1st) 171142.

¶ 9 Feliciano filed a *pro se* petition for postconviction relief. His petition claims that he was in Cleveland, Ohio, from October 11, 2010, through October 13, 2010. During that time, he met a pastor, the pastor's wife, and other congregation members in their church parking lot. He informed his trial counsel that he did not remember the names of the individuals he met, the church's name, or the church's address. Still, he told trial counsel that the "church was located right next door to the Metro Hospital in Cleveland." He states that "he knows how to get there***." Further, he states that he could provide "explicit directions to the location of the church***." Feliciano argues that trial counsel provided ineffective assistance for failing to call these alibi witnesses. Feliciano attached affidavits from his family members to his petition, indicating that he was of good character.

¶ 10 Additionally, Feliciano states in his petition that on December 18, 2010, he was arrested and charged with Letkiewicz's murder. The State released him on December 22, 2010. He was arrested

and charged with Letkiewicz's murder on May 11, 2011. A week later, the State released him. On July 17, 2011, he was arrested and charged with Letkiewicz's murder.

¶ 11 The circuit court summarily dismissed Feliciano's petition for postconviction relief in a written order. The circuit court determined that he failed to make the requisite factual showing and submit an affidavit for any of the proposed witnesses.

¶ 12 Feliciano appealed.

¶ 13 ANALYSIS

¶ 14 On appeal, Feliciano argues that the circuit court erred in summarily dismissing his postconviction petition wherein he stated an arguable claim that his trial counsel provided ineffective assistance for failing to investigate alibi witnesses. The State responds that Feliciano forfeited this argument by not raising it during his *Krankel* hearing. Additionally, the State argues that the circuit court properly dismissed Feliciano's ineffective assistance claim for failure to investigate and call alibi witnesses because Feliciano did not satisfy the corroboration requirement in section 122-2 of the Act.

¶ 15 At the outset, we note that "forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65. In the interest of justice, we decline to find forfeiture and proceed to address the merits.

¶ 16 The Act provides a three-stage process by which criminal defendants may assert that a substantial denial of their constitutional rights resulted in their conviction. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the circuit court shall dismiss the petition if it determines that the petition is frivolous or is patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020). A petition is frivolous or patently without merit only if the petition has no arguable basis, either in law or in

fact. *Hodges*, 234 Ill. 2d at 11-12. "A claim has no arguable basis when it is based on an indisputably meritless legal theory, such as one completely contradicted by the record, or a fanciful factual allegation, such as one that is fantastic or delusional." *People v. Lewis*, 2017 IL App (1st) 150070, ¶ 13.

¶ 17 Since criminal defendants, who lack legal knowledge or training, draft most first-stage petitions, our supreme court views the threshold for survival as low. *Hodges*, 234 Ill. 2d at 9. "This low threshold does not excuse the *pro se* petitioner from providing factual support for his claims; he must supply sufficient factual basis to show the allegations in the petition are 'capable of objective or independent corroboration.' " *People v. Allen*, 2015 IL 113135, ¶ 24 (quoting *People v. Collins*, 202 Ill. 2d 59, 75 (2002)). Section 122-2 of the Act states that "the petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2020). The purpose of section 122-2 is to establish that a petition's claims are capable of objective or independent corroboration. *People v. Delton*, 227 Ill. 2d 247, 244 (2008). Therefore, failure to either attach the necessary affidavits, records, or other evidence, or explain their absence is fatal to a postconviction petition, and justifies its summary dismissal. *Collins*, 202 Ill. 2d at 66. We review *de novo* the summary dismissal of a postconviction petition. *Hodges*, 234 Ill. 2d at 9.

¶ 18 To prevail on a claim that trial counsel provided ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if (1) counsel's performance arguably fell below an

objective standard of reasonableness and (2) the petitioner was arguably prejudiced by the deficient performance." *People v. Hatter*, 2021 IL 125981, ¶ 25.

¶ 19 A claim that trial counsel failed to investigate and call a witness *must* be supported by an affidavit from the proposed witness or other evidence to establish that the testimony exists. (Emphasis added.) *People v. Enis*, 194 Ill. 2d 361, 380 (2000); *People v. Dupree*, 2018 IL 122307, ¶ 40. Without such evidence, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary. *Enis*, 194 Ill. 2d at 380.

¶ 20 Feliciano did not attach any affidavits from the proposed alibi witnesses in support of his claim that he was in Cleveland, Ohio, at the time of Letkiewicz's murder. Not only did Feliciano not provide affidavits for these witnesses, but he also did not provide this court with a meaningful way to determine whether these unnamed witnesses exist. Feliciano claims he does not remember the names of the pastor, the pastor's wife, or any other church member. He further claims he does not remember the church name or address. These claims are unpersuasive.

¶ 21 Feliciano states in his petition that the "church was located right next door to the Metro Hospital in Cleveland." Further, he states, "he knows how to get there***." He also could provide "explicit directions to the location of the church***." Thus, it remains unclear why Feliciano did not locate the church and acquire affidavits from its members or provide this information to his family members to obtain the affidavits. A Google Maps search reveals that there are approximately ten hospitals in Cleveland, Ohio, that contain "Metro" in their name.[3] Nothing prevented Feliciano from providing these "explicit directions" to his family members and requesting that they locate the church and gather affidavits from congregation members. Moreover, we find it surprising that

---

[3] A reviewing court may take judicial notice of information on Google Maps. *People v. Stiff*, 391 Ill. App 3d 494, 504 (5th Dist. 2009).

Feliciano did not obtain the affidavits when he was being investigated for Letkiewicz's murder and he was able to obtain them. *Supra* ¶ 10.

¶ 22 Further, allowing Feliciano's explanation to satisfy his obligations under the Act would defeat the purpose of section 122-2. *Delton*, 227 Ill. 2d at 244 (the purpose of section 122-2 is to establish that a petition's claims are capable of objective or independent corroboration). Feliciano has not provided a sufficient basis to show the allegations in his petition are capable of objective or independent corroboration. *Allen*, 2015 IL 113135, ¶ 24. Without such evidence, we cannot determine whether the proposed alibi witnesses could have provided favorable testimony for Feliciano, and further review of his claim is unnecessary. *People v. Jones*, 399 Ill. App. 3d 341, 371 (1st Dist. 2010).

¶ 23 CONCLUSION

¶ 24 For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 25 Affirmed.